UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
MAURIZIO MAGNOTTA                               :

                        Plaintiff,              :   REPORT AND RECOMMENDATION

         -v.-                                   :
                                                :   13 Civ. 2752 (GBD) (GWG)

PUTNAM COUNTY SHERIFF, et al.,                  :

                        Defendants.             :
------------------------------------------------------------x

# GABRIEL W. GORENSTEIN, UNITED STATES MAGISTRATE JUDGE

Maurizio Magnotta, currently an inmate at the Coxsackie Correctional Facility in Coxsackie, New York, brings this pro se complaint pursuant to 42 U.S.C § 1983 alleging constitutional violations against a host of defendants who appear to have been involved in his criminal prosecution. All defendants have moved to dismiss. For the reasons that follow, the motions should be granted.

## I. BACKGROUND

Magnotta filed the complaint in this action on April 10, 2013, in the United States District Court for the Eastern District of New York. See Complaint, filed Apr. 10, 2013 (Docket # 1). The case was transferred to this district. See Order, dated Apr. 22, 2013 (Docket # 5). The Court then issued an order dismissing the following named defendants on grounds of immunity: "N.Y.S. Police Lab"; "NY State Police Laboratory"; "Town of Kent Court Judge Collins"; and "Putnam County DA." See Order, dated May 22, 2013 (Docket # 12). Magnotta filed an amended complaint on July 17, 2013. See Amended Civil Action Complaint, filed July 17, 2013 (Docket # 38) (the "complaint" or "Am. Compl."). The complaint asserts claims against the following defendants: "Putnam County Sheriff's Office"; "Putnam County"; "Dutchess County";

"Duchess County Sheriff"; "Town of Kent Police"; "Owens"; "Locascio"; "Deperno"; "Nalbone"; "Tricinelli"; "Cuddeback"; "Haire"; "Napolitano"; and "Amato." See id. The complaint alleges that defendants Deperno, Nalbone, Tricinelli, Amato, and Napolitano "were employed under oath by the Putnam County Sheriff['s] Department under the color of Putnam County Government at the time of the incidents," id. ¶ 4; that defendants Cuddeback and Haire "were employed by the Dutchess County Sheriff['s] Office under oath and color of Dutchess County Government at the time of the incidents," id. ¶ 5, and that defendants Locascio and Owens were employed "under oath by the Town of Kent Police Department under the color of Putnam County Government at the time of the incidents," id. ¶ 6.

A. Allegations in the Complaint

The following facts are taken from Magnotta's complaint. The facts he alleges are accepted as true for purposes of deciding these motions to dismiss. See, e.g., Erickson v. Pardus, 551 U.S. 89, 93-94 (2007) (per curiam) (citations omitted).

On April 15, 2010, five detectives from the Putnam County Sheriff's Department and Dutchess County Sheriff's Department "gain[ed] entry to [Magnotta's] home under false pretenses, acting under affirmative, willful and official misconduct." Am. Compl. ¶ 11. The complaint refers to this police conduct as a "conspiracy and malfeasance" which was "premeditated" with the "sole purpose . . . to take a DNA sample from the bathroom at 10 Riverview Rd. Brewster, NY." Id. The detectives "forced the plaintiff outside and kept the plaintiff out on the porch while 2 [d]etectives stayed in the home [] [and] went into the bathroom to violate his [constitutional] rights by taking a DNA sample without a [w]arrant." Id. Additionally, Magnotta "witnessed the trespass ab initio while being restrained and trying to reenter his premises." Id. These "intentional and Constitutional torts were preformed [sic] while

2

in full view and knowledge of Superior Officer Nalbone" and there were no "exigent circumstances or consent by plaintiff for the illegal search." Id.

About a month later, on May 20, 2010, two detectives approached Magnotta in his attached garage, entered the garage, and handcuffed him before leading him to a police car. Id. ¶ 12. The detectives "claimed to have a [w]arrant for his arrest." Id. The complaint also alleges that "Town of Kent Police abused their power to arrest plaintiff under false pretenses, all the while in collusion with the other [d]etectives" and that they "used false statements to rouse a [j]udge in their jurisdiction, who then opened a closed courtroom to have an arraignment" which was part of a "plot . . . to have an unconstitutional bail set so [he] would remain in jail." Id. Additionally, the complaint alleges that "[a]t no time during these arrests did any [d]etective have or produce an arrest warrant, or have probable cause for arrest other than which they created." Id. ¶ 17. The bail was "unreasonable for the crime [for which he] was charged." Id.

Finally, "on or about the weekend" of September 11, 2010, corrections officers employed by the "Putnam County Sheriff" and the "Putnam County Government" acted "in collusion with an inmate at the Putnam County Jail" and "conspired to have a weapon put in [Magnotta's] cell in the West Housing unit of the jail." Id. ¶ 13. This was done "to cover up a hazing incident that had occurred on the weekend" of September 11. Id.

Magnotta alleges in the complaint that he has been "aggrieved by these defendants," id. ¶ 15, and he seeks "in lieu of punitive damages, emotional distress and suffering from illegal arrests, home invasion, theft of personal property, use of said property for use in unwarranted scientific experiments, excessive, unreasonable and unjustifiable force used against plaintiff and his family" in the amount of $2,500,000, id. ¶ 19.

### B. Procedural History

All defendants moved to dismiss Magnotta's complaint for failure to state a claim.[1] Magnotta then filed a document he entitled "Notice of Motion to Stay on Complaint." See Letter, filed Oct. 28, 2013 (Docket # 72) ("Pl. Opp."). The Court denied the motion but ordered all defendants to treat the request as an opposition to their motions to dismiss. See Memorandum Endorsement, dated Nov. 5, 2013 (Docket # 73).

## II. STANDARDS APPLICABLE TO A MOTION TO DISMISS

A party may move to dismiss a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) where the opposing party's pleading "fail[s] to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). While a court must accept as true all of the allegations contained in a complaint, that principle does not apply to legal conclusions. See Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007) ( "[A] plaintiff's obligation to provide the grounds of his entitlement to relief requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do.") (citation, internal quotation marks, and brackets omitted). In other words, "[t]hreadbare recitals

---

[1] See Notice of Motion, filed Sept. 12, 2013 (Docket # 46); Affidavit, filed Sept. 12, 2013 (Docket # 48) ("Dutchess Aff."); Defendant Dutchess County, Dutchess County Sheriff, Detective Cuddeback and Detective Haire's Memorandum of Law in Support of Dismissal, filed Sept. 12, 2013 (Docket # 49) ("Dutchess Br."); Notice of Motion, filed Sept. 13, 2013 (Docket # 52); Declaration, filed Sept. 13, 2013 (Docket # 53) ("Kent Aff."); Memorandum of Law in Support of Kent Defendants' Motion to Dismiss, filed Sept. 16, 2013 (Docket # 61) ("Kent Br."); Notice of Motion, filed Sept. 13, 2013 (Docket # 56); Declaration in Support of the Putnam Defendants' Motion to Dismiss, filed Sept. 16, 2013 (Docket # 58) ("Putnam Aff."); Memorandum of Law in Support of the Putnam Defendants' Motion to Dismiss, filed Sept. 16, 2013 (Docket # 59) ("Putnam Br."); Reply Memorandum of Law in Further Support of Kent Defendants' Motion to Dismiss, filed Nov. 19, 2013 (Docket # 75); Defendant Dutchess County, Dutchess County Sheriff, Detective Cuddeback and Detective Haire's Reply Memorandum of Law in Support of Dismissal, filed Nov. 20, 2013 (Docket # 76); Reply Memorandum of Law in Support of the Putnam Defendants' Motion to Dismiss, filed Nov. 20, 2013 (Docket # 78).

of the elements of a cause of action, supported by mere conclusory statements, do not suffice," Iqbal, 556 U.S. at 678, and thus a court's first task is to disregard any conclusory statements in a complaint, id. at 679.

Next, a court must determine if a complaint contains "sufficient factual matter" which, if accepted as true, states a claim that is "plausible on its face." Id. at 678 (citation and internal quotation marks omitted); accord Port Dock & Stone Corp. v. Oldcastle Ne., Inc., 507 F.3d 117, 121 (2d Cir. 2007) ("[A] complaint must allege facts that are not merely consistent with the conclusion that the defendant violated the law, but which actively and plausibly suggest that conclusion."). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged. The plausibility standard is not akin to a probability requirement, but it asks for more than a sheer possibility that a defendant has acted unlawfully." Iqbal, 556 U.S. at 678 (citations and internal quotation marks omitted). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct," a complaint is insufficient under Fed. R. Civ. P. 8(a) because it has merely "alleged" but not "'show[n]'—'that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

In the case of pro se plaintiffs, "[a] document filed pro se is to be liberally construed . . . and a pro se complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson, 551 U.S. at 94 (internal citations and quotation marks omitted); accord McPherson v. Coombe, 174 F.3d 276, 280 (2d Cir. 1999) (a pro se party's pleadings should be construed liberally and interpreted "'to raise the strongest arguments that they suggest'") (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)). However, even pro se pleadings must contain factual allegations that "'raise a right to relief above the

5

speculative level.'" Dawkins v. Gonyea, 646 F. Supp. 2d 594, 603 (S.D.N.Y. 2009) (quoting Twombly, 550 U.S. at 555).

While the defendants have moved to dismiss the complaint for failure to state a claim under Fed. R. Civ. P. 12(b)(6), they have also submitted additional documentary evidence in support of their motions. The Court is generally limited to the pleadings when considering a motion made pursuant to Rules 12(b)(6) or 12(c). However, in deciding a motion to dismiss, a district court may also consider "matters of which judicial notice may be taken." Chambers v. Time Warner, Inc., 282 F.3d 147, 153 (2d Cir. 2002); see also Leonard F. v. Israel Discount Bank of N.Y., 199 F.3d 99, 107 (2d Cir. 1999) (citation omitted); Arrocha v. City Univ. of N.Y., 878 F. Supp. 2d 364, 368 (E.D.N.Y. 2012). Each of the defendants has annexed the following items to their affidavits in support of their motions to dismiss the complaint: (1) the minutes of Magnotta's guilty plea and (2) the Uniform Sentence and Commitment form that states the crimes for which Magnotta was convicted and the sentences imposed by the Court for each conviction. See Dutchess Aff.; Putnam Aff.; Kent Aff.[2] The Kent defendants have also attached a copy of the True Bill of the indictment in Magnotta's case. See True Bill, dated Feb. 11, 2011 (annexed to Kent Aff.) ("True Bill"). The authenticity of these documents has not been contested, and thus, the Court will take judicial notice of them in deciding the motions to dismiss. See Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005) ("The . . . [state] prosecution of [an individual] is a matter of public record, of which [a court may] take judicial notice."); Wims v. N.Y.C. Police Dep't, 2011 WL 2946369, at *3 (S.D.N.Y. July 20, 2011)

---

[2] "Plea Tr." refer to the plea transcript and "S&C Form" refers to the sentence and commitment form, both of which are attached to the cited affidavits.

(taking judicial notice of an individual's guilty plea); S.E.C. v. Aragaon Capital Adv. LLC, 2011 WL 3278907, at *10 (S.D.N.Y. July 26, 2011) ("A court . . . may take judicial notice of indisputable facts, such as a guilty plea."); Marshall v. City of New York, 2010 WL 4739810, at *2 (S.D.N.Y. Nov. 17, 2010) (taking judicial notice of an individual's "conviction by guilty plea"); Wingate v. Gives, 2008 WL 5649089, at *3 n. 7 (S.D.N.Y. Apr. 13, 2008) (noting that a court can "take judicial notice of Plaintiff's conviction").

Accordingly, the Court accepts the following facts as true. On September 22, 2011, Magnotta pled guilty one count of criminal sexual act in the first degree for acts that occurred on or about July 29, 2009. (Plea Tr. 26). He also pled guilty to one count of burglary in the third degree for acts that occurred on or about February 14, 2010, and to one count of burglary in the third degree for acts that occurred on or about December 25, 2009. (Plea Tr. 26-27). Magnotta pled guilty to less than all of the charges for which he was indicted. See True Bill; S&C Form. Magnotta received a determinate sentence of 12 years imprisonment on the criminal sexual act charge, to be followed by 8 years of post-release supervision. See S&C Form. He also received indeterminate sentences of 2-1/3 to 7 years on each of the burglary charges, with these sentences to run concurrently to the 12-year sentence. See id.

III. DISCUSSION

    A. 42 U.S.C. § 1983 Claims

To state a claim under § 1983, Magnotta must show that he was denied a constitutional or federal statutory right and that the deprivation of that right occurred under color of state law. See 42 U.S.C. § 1983; West v. Atkins, 487 U.S. 42, 48 (1988). Section 1983 does not itself create any substantive rights but rather "provides only a procedure for redress for the deprivation

7

of rights established elsewhere." Sykes v. James, 13 F.3d 515, 519 (2d Cir. 1993) (citation omitted). To the extent Magnotta relies on 42 U.S.C. § 1983, we construe the complaint as asserting the following claims: (a) false arrest; (b) malicious prosecution; (c) unlawful search; and (d) conspiracy to violate civil rights.

All defendants assert that the doctrine articulated in Heck v. Humphrey, 512 U.S. 477, 483-87 (1994), stands as a bar to Magnotta's § 1983 claims. See Dutchess Br. at 5; Putnam Br. at 6-7; Kent Br. at 6-8. Heck held that

> in order to recover damages for [an] allegedly unconstitutional conviction or imprisonment, or for other harm caused by actions whose unlawfulness would render a conviction or sentence invalid, . . . a § 1983 plaintiff must prove that the conviction or sentence has been reversed on direct appeal, expunged by executive order, declared invalid by a state tribunal authorized to make such determination, or called into question by a federal court's issuance of a writ of habeas corpus, 28 U.S.C. § 2254. A claim for damages bearing that relationship to a conviction or sentence that has not been so invalidated is not cognizable under § 1983. Thus, when a state prisoner seeks damages in a § 1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

Heck, 512 U.S. 477, 486-87 (1994) (citations omitted). Heck stands for "[t]he hoary principle that civil tort actions are not appropriate vehicles for challenging the validity of outstanding criminal judgments." Amaker v. Weiner, 179 F.3d 48, 51 (2d Cir. 1999) (quoting Heck, 412 U.S. at 486). "Disposition of the case on Heck grounds, however, warrants only dismissal without prejudice, because the suit may be reinstituted should plaintiff's conviction be 'expunged by executive order, declared invalid . . . , or called into question by a federal court's issuance of a writ of habeas corpus.'" Amaker, 179 F.3d at 52 (quoting Heck, 512 U.S. at 487) (emphasis omitted).

We first examine whether any of Magnotta's claims, if successful, would "necessarily

imply the invalidity of his conviction." If any claim survives Heck, we also examine other defenses that may be applicable to the claim.

### 1. False Arrest

Magnotta claims that on May 20, 2010, Town of Kent Police arrested him "under false pretenses." Am. Compl. ¶ 12. He later alleges that at "no time during these arrests did any Detective have or produce an arrest Warrant, or have probable cause for arrest other than which they created." Id. ¶ 17. "The common-law rule, equally applicable to actions asserting false arrest, false imprisonment, or malicious prosecution, was and is that the plaintiff can under no circumstances recover if he was convicted of the offense for which he was arrested" because "where law enforcement officers have made an arrest, the resulting conviction is a defense to a § 1983 action asserting that the arrest was made without probable cause." Cameron v. Fogarty, 806 F.2d 380, 387-89 (2d Cir. 1986) (internal citations omitted); see also Johnson v. Pugh, 2013 WL 3013661, at *2 (E.D.N.Y. June 18, 2013) ("A person who has been convicted of the crime for which he was arrested cannot state a claim for false arrest . . . ."); Subgidio v. Graiani, 2006 WL 648229, at *10 (S.D.N.Y. Mar. 16, 2006) (concluding that "success on . . . false arrest claim[] would necessarily imply the invalidity of a conviction" and granting motion to dismiss pursuant to Heck); Duamutef v. Morris, 956 F. Supp. 1112, 1117 (S.D.N.Y. 1997) (granting motion to dismiss under Heck because false arrest claim "call[ed] into question the validity of [plaintiff's] criminal conviction").

It does not appear to be disputed by Magnotta that he was actually convicted of at least some of the crimes for which he was arrested on May 20, 2010. While Magnotta's conviction came about because of his guilty plea, that does not change the application of the Heck rule. See, e.g., Younger v. City of New York, 480 F. Supp. 2d 723, 730 (S.D.N.Y. 2007) (finding

9

Heck bar where conviction was "pursuant to a guilty plea"); Hernandez v. City of New York, 2004 WL 2624675, at *5 (S.D.N.Y. Nov. 18, 2004) ("Since a guilty plea is the equivalent of a conviction, a guilty plea will also bar a § 1983 false arrest claim.") (internal citations omitted); Allison v. Farrell, 2002 WL 88380, at *4 (S.D.N.Y. Jan. 22, 2002) ("[I]t is of no moment that [plaintiff] pled guilty to a lesser charge arising out of the events that took place on the day of his arrest."). Nor does the fact that Magnotta is actively appealing his criminal conviction, see Pl. Opp., lift the Heck bar inasmuch as the plaintiff in Heck itself was also pursuing an appeal of his criminal conviction at the time he brought his § 1983 claims. See Heck, 512 U.S. at 478-79. Accordingly, Magnotta's claim of false arrest must be dismissed, as success on that claim would necessarily imply the invalidity of the conviction resulting from that arrest.

### 2. Malicious Prosecution

Magnotta alleges that the "Detectives involved did use their influence to coerce Judges, The New York State Forensic Laboratory or acquaintances therin [sic] and the Putnam County DA's office through fraud and misfeasance to prosecute and incarcerate plaintiff." Am. Compl. ¶ 18. Construing these allegations as asserting a claim for malicious prosecution, this claim too must be dismissed as barred by Heck. In order to succeed on a malicious prosecution claim under § 1983, a plaintiff must establish, inter alia, "termination of the [criminal] proceeding in plaintiff's favor." Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003); Bonide Prod., Inc. v. Cahill, 223 F.3d 141, 145 (2d Cir. 2000). The Supreme Court specifically held in Heck that success on a malicious prosecution claim necessarily implies the invalidity of a plaintiff's conviction." Heck, 512 U.S. at 485-87; accord Subgidio, 2006 WL 648229, at *10. A guilty plea, even if it was a plea to fewer than all the charges, does not satisfy the "favorable" termination element of a malicious prosecution claim. See, e.g., Fulton v. Robinson, 289 F.3d

188, 196 (2d Cir. 2002) ("Where a prosecution did not result in an acquittal, it is generally not deemed to have ended in favor of the accused, for the purposes of a malicious prosecution claim, unless its final disposition is such as to indicate the accused's innocence."); Posr v. Court Officer Shield # 207, 180 F.3d 409, 418 (2d Cir. 1999) ("[I]f the outcome [of criminal proceedings] was the result of a compromise to which the accused agreed . . . it is not a termination in favor of the accused for purposes of a malicious prosecution claim.") (citation and internal quotation marks omitted); Wims, 2011 WL 2946369, at *3 (plaintiff's prior guilty plea to one count in satisfaction of all charges was "not a favorable termination on the charge dismissed as part of the plea deal"). Accordingly, to the extent Magnotta asserts a claim for malicious prosecution, it must be dismissed.

### 3. Unlawful Search

Magnotta's complaint alleges that on April 15, 2010, five detectives "gain[ed] entry to the plaintiffs [sic] home under false pretenses" and took a "DNA sample without a Warrant." Am. Compl. ¶ 11. We construe this as a claim of an unlawful warrantless search in violation of the Fourth Amendment. The Supreme Court stated in Heck that "a suit for damages attributable to an allegedly unreasonable search may lie even if the challenged search produced evidence that was introduced in a state criminal trial resulting in the § 1983 plaintiff's still-outstanding conviction" as long as the suit "would not necessarily imply that the plaintiff's conviction was unlawful." Heck, 512 U.S. at 487 n. 7 (emphasis in original). Thus, an example of a suit that would survive the Heck bar would be "an unlawful search whose illegality would not affect the validity of the conviction." Woods v. Candela, 47 F.3d 545, 546 (2d Cir. 1995); accord Toliver v. City of New York, 2011 WL 4964919, at *8 (S.D.N.Y. Sept. 15, 2011) ("[W]here the plaintiff's . . . conviction was not dependent on the allegedly unconstitutional seizure, a § 1983

claim is not barred by Heck."); Williams v. Ontario Cnty. Sheriff's Dep't, 662 F. Supp. 2d 321, 329 (W.D.N.Y. 2009) ("[A] federal court's finding of a Fourth Amendment violation would not necessarily imply that a prior state conviction was unlawful if, despite the constitutional violation, the subject evidence was admissible based on such doctrines as independent source, inevitable discovery, and harmless error."). The Second Circuit has noted that "[t]he inquiry as to whether a recovery on [a] § 1983 . . . claim . . . would necessarily imply the invalidity of any conviction . . . is inherently a factual one." Covington v. City of New York, 171 F.3d 117, 122 (2d Cir. 1999).

Here, there is no factual record whatsoever as to the connection between Magnotta's conviction and DNA evidence that he alleges was obtained illegally during the search on April 15, 2010. See Am. Compl. ¶ 11. The allegations in the complaint provide no information on this point and defendants did not present any evidence to the Court on this question as they might have done on a motion for summary judgment. Instead, the defendants merely assert the Heck bar without providing any support for its applicability to the unlawful search claim. Thus, this case stands in contrast to those cases that were able to determine the relationship between claims made in a civil suit and a challenged search. See, e.g., Bogle v. Melamed, 2012 WL 1117411, at *3 (E.D.N.Y. Mar. 30, 2012) (dismissing unlawful search claims where "[a] finding that the searches pursuant to which [weapons] were procured were unlawful would necessarily imply the invalidity of the underlying conviction" on weapons possession charges); Black v. Blackmun, 2011 WL 6019394, at *2 (E.D.N.Y. Dec. 1, 2011) ("Because [plaintiff's] conviction hinged directly on the weapons procured during this allegedly unlawful search, an award of damages would necessarily imply the invalidity of his state court conviction."); Kaminski v. Hayes, 2009 WL 3193621, at *6 (D. Conn. Sept. 30, 2009) (illegal search claim barred by Heck

where it was "apparent that the entire evidentiary basis for the charged offenses . . . derive[d] from a single search that [was] now being challenged as part of a section 1983 action"); Clayton v. City of Poughkeepsie, 2007 WL 2154196, at *4 (S.D.N.Y. June 21, 2007) (dismissing illegal search claim pursuant to Heck where "the entire evidentiary basis for the charged offense derive[d] from a single episode involving a single search that [was] now being questioned as part of a § 1983 action"). Instead, this case is in the posture of those cases that have found a dismissal under Heck to be improper because it was not clear that a favorable determination on the § 1983 claim would necessarily impugn the validity of the plaintiff's criminal conviction. See, e.g., Covington, 171 F.3d at 123 (refusing to find Heck bar where the court had "no information . . . as to the nature of the evidence which might have been available against [the plaintiff] in those [criminal] proceedings"); accord Hughes v. Lott, 350 F.3d 1157, 1161 (11th Cir. 2003) ("It was impossible . . . for the district court to determine that a successful § 1983 action for unreasonable search and seizure necessarily implied the invalidity of [plaintiff's] convictions" where "the circumstances surrounding [plaintiff's] convictions . . . [were] unknown from the record" prior to service of process) (emphasis in original).

    Notwithstanding the inapplicability of the Heck bar, Magnotta's claim must be dismissed for an independent reason: it fails to allege the personal involvement of the individual defendants in the alleged constitutional violation. "It is well settled that, in order to establish a defendant's individual liability in a suit brought under § 1983, a plaintiff must show, inter alia, the defendant's personal involvement in the alleged constitutional deprivation." Grullon v. City of New Haven, 720 F.3d 133, 138-39 (2d Cir. 2013) (citations omitted); accord Back v. Hastings on Hudson Union Free Sch. Dist., 365 F.3d 107, 122 (2d Cir. 2004) ("[I]n this Circuit personal involvement of defendants in alleged constitutional deprivations is a prerequisite to an award of

damages under § 1983.") (citation omitted). "Likewise, a plaintiff must establish a given defendant's personal involvement in the claimed violation in order to hold that defendant liable in his individual capacity under § 1983." Patterson v. Cnty. of Oneida, 375 F.3d 206, 229 (2d Cir. 2004) (citation omitted).

Magnotta names a host of individual defendants in the caption of his complaint, but the complaint itself provides no indication as to which of the named individuals performed any allegedly illegal acts and what precisely they did. "It is well-settled that 'where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.'" Dove v. Fordham Univ., 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quoting Morabito v. Blum, 528 F. Supp. 252, 262 (S.D.N.Y. 1981)); accord Garcia v. Watts, 2009 WL 2777085, at *13 (S.D.N.Y. Sept. 1, 2009) (citing cases).

### 4. Conspiracy to Violate Civil Rights

To state a claim for a § 1983 conspiracy, a plaintiff must allege: "(1) an agreement between two or more state actors or between a state actor and a private entity; (2) to act in concert to inflict an unconstitutional injury; and (3) an overt act done in furtherance of that goal causing damages." Pangburn v. Culbertson, 200 F.3d 65, 72 (2d Cir. 1999) (citations omitted). Magnotta's complaint alleges that the April 15, 2010, search of his home was part of a "conspiracy" to take a DNA sample from his bathroom. See Am. Compl. ¶ 11. This claim as to a conspiracy involving the search of his home must be dismissed because it is utterly lacking in any factual details and it is well settled that "conclusory or general allegations are insufficient to state a claim for conspiracy under § 1983." Walker v. Jastremski, 430 F.3d 560, 564 n. 5 (2d Cir. 2005); Nealy v. Berger, 2009 WL 704804, at *5 (E.D.N.Y Mar. 16, 2009) ("The mere use of

the term 'conspiracy' . . . is clearly insufficient to satisfy Rule 12(b)(6) in connection with a Section 1983 conspiracy claim.").

Magnotta's complaint also describes an alleged conspiracy in which Putnam County Correction Officers, "in collusion with an inmate at the Putnam County Jail, conspired to have a weapon put in [his] cell" on or about the weekend of September 11, 2010. Am. Compl. ¶ 13. He alleges that this was "done to cover up a hazing incident" that had occurred that weekend. Id. This claim too is conclusory as to the nature of the alleged conspiracy and should be dismissed for this reason alone. In addition, it fails to allege which defendants were personally involved in this incident. See, e.g., Liner v. Fischer, 2013 WL 4405539, at *19 (S.D.N.Y. Aug. 7, 2013) ("[Plaintiff's] conspiracy claims should be dismissed because . . . he has failed to allege the personal involvement" of the named defendants.).

B. Claims Brought Pursuant to the Fifth Amendment

Magnotta's complaint indicates that he is bringing claims pursuant to the Fifth Amendment to the United States Constitution. See Am. Compl. ¶¶ 1, 11. However, this provision relates only to actions by the United States or its agents, not by a State actor. See, e.g., Cassidy v. Scoppetta, 365 F. Supp. 2d 283, 286 (E.D.N.Y. 2005) (the Fifth Amendment "governs the conduct of the federal government and federal employees, and does not regulate the activities of state officials or state actors") (emphases in original) (citation omitted). Because Magnotta has not named any federal defendants in this case, any claims purportedly brought under the Fifth Amendment must be dismissed.

C. Claims Brought Pursuant to the Eighth Amendment

Magnotta's complaint also indicates that he is bringing claims pursuant to the Eighth Amendment to the United States Constitution. See Am. Compl. ¶¶ 1, 12. The only apparent

15

factual allegation supporting such a claim is the assertion that a Town of Kent judge set an "unconstitutional bail . . . where it was unreasonable for the crime [with which he] was charged." Id. ¶ 12. This judge is no longer a defendant in this case, however, see Order, dated May 22, 2013 (Docket # 12), and even if the judge were a defendant, any claim against the judge would have to be dismissed based on the doctrine of judicial immunity, see, e.g., Root v. Liston, 444 F.3d 127, 132 (2d Cir. 2006).

### D. Claims Against Law Enforcement Agencies

Magnotta has named the Putnam County Sheriff's Department, Dutchess County Sheriff's Department, and the Town of Kent Police Department as defendants in this case. See Am. Compl. "Courts look to state law when determining whether a municipal agency may be sued." Rogers v. Cartagena, 2013 WL 1285169, at *3 (S.D.N.Y. Mar. 28, 2013) (citing Fed. R. Civ. P. 17(b)(3)). "Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amenable to suit." Hoisington v. Cnty. of Sullivan, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999) (citations omitted). Accordingly, because they are not suable entities and are merely departments of their respective municipalities, all claims against these defendants must be dismissed.

### E. Claims Against Municipal Defendants

Municipalities may be treated as "persons" for the purpose of § 1983 claims "where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by [the municipality's] officers." Monell v. Dep't of Soc. Servs., 436 U.S. 658, 690 (1978). A municipality may not be held liable under § 1983, however, on the basis of respondeat superior. Id. at 694–95; accord

16

Roe v. City of Waterbury, 542 F.3d 31, 36 (2d Cir. 2008). "Rather, a plaintiff must establish both a violation of his or her constitutional rights and that the violation was caused by a municipal policy or custom; that is, that the policy or custom was the actual 'moving force' behind the alleged wrongs." Jouthe v. City of New York, 2009 WL 701110, at *7 (E.D.N.Y. Mar. 10, 2009) (citing Monell, 436 U.S. at 694–95; Bd. of the Cnty. Comm'rs v. Brown, 520 U.S. 397, 403–04 (1997)).

Because Magnotta has not stated a claim for violation of his constitutional rights, a fortiori, his Monell claims against Putnam County and Dutchess County.[3] See, e.g., City of Los Angeles v. Heller, 475 U.S. 796, 799 (1986) ("[None] of our cases authorize[ ] the award of damages against a municipal corporation based on the actions of one of its officers . . . [i]f a person has suffered no constitutional injury . . . ."); Segal v. City of New York, 459 F.3d 207, 219 (2d Cir. 2006) (where "district court properly found no underlying constitutional violation," it was not necessary to consider claims of municipal liability under Monell); Pierre v. City of New York, 2014 WL 56923, at *10 (S.D.N.Y. Jan. 7, 2014) (dismissing Monell claims where plaintiff had not stated a claim for violation of his constitutional rights); Levy v. Alfano, 47 F. Supp. 2d 488, 498 (S.D.N.Y. 1999) ("It is well settled that a municipality may not be held liable where there is no underlying constitutional violation by a municipal official.") (citation omitted).

## IV. CONCLUSION

For the foregoing reasons, the defendants' motions to dismiss (Docket ## 46, 52, and 56) should be granted. Magnotta should be given leave to file an amended complaint in the event he is able to correct the deficiencies in the complaint. See Cortec Indus., Inc. v. Sum Holding L.P.,

---

[3] Magnotta has not named the Town of Kent in the complaint but, to the extent he seeks to sue that entity, the claim would fail for the same reasons.

949 F.2d 42, 48 (2d Cir.1991) ("It is the usual practice upon granting a motion to dismiss to allow leave to replead.") (citations omitted).

## PROCEDURE FOR FILING OBJECTIONS TO THIS REPORT AND RECOMMENDATION

Pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, the parties have fourteen (14) days including weekends and holidays from service of this Report and Recommendation to serve and file any objections. See also Fed. R. Civ. P. 6(a), (b), (d). Such objections (and any responses to objections) shall be filed with the Clerk of the Court, with copies sent to the Hon. George Daniels, and to the undersigned, at 500 Pearl Street, New York, New York 10007. Any request for an extension of time to file objections must be directed to Judge Daniels. If a party fails to file timely objections, that party will not be permitted to raise any objections to this Report and Recommendation on appeal. See Thomas v. Arn, 474 U.S. 140 (1985); Wagner & Wagner, LLP v. Atkinson, Haskins, Nellis, Brittingham, Gladd & Carwile, P.C., 596 F.3d 84, 92 (2d Cir. 2010).

Dated: February 24, 2014
      New York, New York

                                          GABRIEL W. GORENSTEIN
                                          United States Magistrate Judge

Copies sent to

Maurizio Magnotta
11-A-5622
Coxsackie Correctional Facility
P.O. Box 999
Coxsackie, NY 12051-0999

Counsel by ECF