UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------x

MAURIZIO MAGNOTTA,

                Plaintiff,

   -against-

PUTNAM COUNTY SHERRIFF, et al.,

                Defendants.

------------------------------------X

FILED APR 17 2014

MEMORANDUM DECISION
AND ORDER
13 Civ. 2752 (GBD)(GWG)

GEORGE B. DANIELS, District Judge:

    *Pro se* Plaintiff Maurizio Magnotta brings this action under 42 U.S.C. § 1983 against Putnam County Sheriff's Office, Putnam County, Dutchess County, Dutchess County Sheriff, Town of Kent Police, and individual defendants "Owens, Locascio, Deperno, Nalbone, Tricinelli, Cuddeback, Haire, Napolitano, and Amato." Am. Compl. at 1. All Defendants have moved to dismiss the Complaint pursuant to Fed. R. Civ. P. 12(b)(6). *See* ECF Nos. 46, 52, and 56. Before this Court is Magistrate Judge Gorenstein's February 25, 2014 Report and Recommendation ("Report") in which he recommended that this Court grant Defendants' motions to dismiss. *See* ECF No. 83. This Court adopts the Report in its entirety. Each Defendant's motion to dismiss is GRANTED.

    The Court may accept, reject, or modify, in whole or in part, the findings and recommendations set forth within the Report. *See* 28 U.S.C. § 636(b)(1)(C). When parties object to the Report, the Court must make a *de novo* determination of those portions of the Report to which objections are made. *Id.*; *see also Rivera v. Barnhart*, 423 F. Supp. 2d 271, 273 (S.D.N.Y. 2006). The Court need not conduct a *de novo* hearing on the matter. *See United States v. Raddatz*, 447 U.S. 667, 675-76 (1980). Rather, it is sufficient that the Court "arrive at its own, independent conclusions" regarding those portions to which objections were made. *Nelson v. Smith*, 618 F. Supp. 1186, 1189-90 (S.D.N.Y. 2005) (quoting *Hernandez v. Estelle*,

711 F.2d 619, 620 (5th Cir. 1983)). When the parties make no objections to the Report, the Court may adopt the Report if "there is no clear error on the face of the record." *Adee Motor Cars, LLC v. Amato*, 388 F. Supp. 2d 250, 253 (S.D.N.Y. 2005) (citation omitted).

The objections of parties appearing *pro se* are "generally accorded leniency" and should be construed "to raise the strongest arguments that they suggest." *Milano v. Astrue*, No. 05 Civ. 6527, 2008 WL 4410131, at *24 (S.D.N.Y. Sept. 26, 2008) (internal quotation marks omitted). Nevertheless, even a *pro se* party's objections must be specific and clearly aimed at particular findings in the Report. *See Pinkney v. Progressive Home Health Servs.*, No. 06 Civ. 5023, 2008 WL 2811816, at *1 (S.D.N.Y. July 21, 2008) (internal quotation marks omitted).

Magistrate Judge Gorenstein advised the parties that pursuant to 28 U.S.C. § 636(b)(1) and Rule 72(b) of the Federal Rules of Civil Procedure, failure to file objections to the Report within 14 days would result in their waiver and preclude appellate review. *See* Report at 18. Plaintiff filed timely objections to the Report. *See* ECF No. 85. In Plaintiff's limited objections, contained in two pages, he argues that his case should be stayed and not dismissed, and also requests an extension of time to file an Amended Complaint. *See id.* at 1-2. After considering Plaintiff's objections, this Court adopts the thorough and well-reasoned Report in its entirety.

Magistrate Judge Gorenstein correctly found that Plaintiff's claims against the Putnam County Sheriff's Department, Dutchess County Sheriff's Department, and the Town of Kent Police Department should be dismissed. *See* Report at 16. "Under New York law, a department of a municipal entity is merely a subdivision of the municipality and has no separate legal existence. Therefore, municipal departments . . . are not amenable to suit." *Hoisington v. Cnty. of Sullivan*, 55 F. Supp. 2d 212, 214 (S.D.N.Y. 1999). Plaintiff's claims against these municipal entities are accordingly dismissed.

2

Magistrate Judge Gorenstein correctly found that Plaintiff's claims against Putnam County and Dutchess County must also be dismissed. *See* Report at 16-17. A municipality may not be held liable for a § 1983 claim on the basis of *respondeat superior*. *See Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). "Instead, it is when execution of a government's policy or custom . . . inflicts the injury that the government as an entity is responsible under § 1983." *Id.* at 694. Plaintiff fails to allege any injury inflicted by a municipal policy or custom and his claims against Putnam County and Dutchess County are thus dismissed.

Magistrate Judge Gorenstein correctly found that Plaintiff's claims against the individual defendants must be dismissed because the Complaint fails to indicate which of the named defendants performed the alleged acts. *See* Report at 13-14; *see also Dove v. Fordham Univ.*, 56 F. Supp. 2d 330, 335 (S.D.N.Y. 1999) (quotations omitted) ("It is well-settled that where the complaint names a defendant in the caption but contains no allegations indicating how the defendant violated the law or injured the plaintiff, a motion to dismiss the complaint in regard to that defendant should be granted.").

As Magistrate Judge Gorenstein correctly determined, several additional grounds warrant dismissal of Plaintiff's claims against the individual defendants. *See* Report at 7-11, 14-16. Plaintiff's malicious prosecution and unlawful arrest claims are barred by the *Heck* doctrine because of his conviction by guilty plea, and must therefore be dismissed.[1] Further, Plaintiff's reference in the complaint to a "conspiracy" to take a DNA sample from his bathroom and "collusion . . . to have a weapon put into [Plaintiff's] cell" are conclusory and insufficient to

---

[1] Plaintiff appears to argue, citing to a Sixth Circuit case, that a stay rather than dismissal is appropriate in this case. *See* Pl.'s Objections at 2. Plaintiff's reliance on Sixth Circuit precedent is misplaced. Second Circuit law is clear that "[w]hen the civil plaintiff has pending an appeal from his criminal conviction, 'the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be *dismissed* unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.'" *Jackson v. Suffolk Cnty. Homicide Bureau*, 135 F.3d 254, 256 (2d Cir. 1998) (emphasis added) (quoting *Heck v. Humphrey*, 512 U.S. at 477, 486-87 (1994)). Because success on Plaintiff's malicious prosecution and false arrest claims would necessarily imply the invalidity of his conviction, those claims must be dismissed.

3

support a conspiracy claim under § 1983. Am. Compl. ¶12; *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 325 (2d Cir. 2002) ("[c]omplaints containing only conclusory, vague, or general allegations that the defendants have engaged in a conspiracy to deprive the plaintiff of his constitutional rights are properly dismissed; diffuse and expansive allegations are insufficient, unless amplified by specific instances of misconduct.") (citations omitted). Plaintiff's claims against the individual defendants are accordingly dismissed.

## CONCLUSION

Each Defendant's motion to dismiss is GRANTED.[2] The Clerk of Court is directed to close the motions at ECF Nos. 46, 52, and 56.

Dated: New York, New York
      April 17, 2014

SO ORDERED:

*[signature]*
GEORGE B. DANIELS
United States District Judge

---

[2] In his objections to the Report, Plaintiff requests an extension of time to file an amended complaint. *See* Pl.'s Objections at 1-2. Plaintiff may file a letter application with this Court within 30 days of this Order, requesting leave to amend consistent with this Opinion and attaching his proposed Amended Complaint, if amendment would not be futile.

4